■ Albert Cera et al., Appellants, v. Gannett Co., Inc., Respondent. (Appeal No. 1.) — Order and judgment unanimously affirmed, without costs. Memorandum: Special Term properly held that the plaintiffs in these actions voluntarily became "public figures" for public debate concerning chiropractic medicine. On appeal, the plaintiffs, licensed doctors of the chiropractic, correctly concede that they "thrust themselves to the forefront" of this particular public controversy by presenting their unsolicited views on a local television broadcast (*Gertz* v. *Robert Welch, Inc.,* 418 U. S. 323, 345). The defendants were thus properly afforded the conditional, First Amendment privilege set forth originally in *New York Times Co.* v. *Sullivan* (376

U. S. 254). (*Gertz* v. *Robert Welch, Inc., supra*, p. 342.) Special Term's determination that the plaintiffs failed to present sufficient evidence of the defendants' "actual malice" under the *New York Times Co.* standard was warranted on the papers presented. When the defendants' statements have been published without such "actual malice", competing ideas, not judicial processes, must correct whatever error those statements contain (*Gertz* v. *Robert Welch, Inc.; supra*, pp. 339-340). For these reasons, summary judgment for each defendant should be affirmed. Special Term did not discuss, however, whether the letter published was sufficiently "of and concerning the plaintiffs" to support libel actions by them as individuals. This issue of State libel law should have been decided prior to consideration of the dispositive, constitutional question. Therefore, we note that as a matter of law the defendants were not entitled to summary judgment on the ground that the letter published did not concern the plaintiffs. The plaintiffs are three of four chiropractors who had broadcast their views on television. The published letter specifically referred to that television appearance and to the "four cultists who called themselves chiropractors" during the broadcast. The letter was written the next day after the broadcast and the newspaper published it only 12 days after plaintiffs' television appearance. In an appropriate case these facts would be sufficient to require jury consideration of whether the letter was "of and concerning" the plaintiffs (*Gross* v. *Cantor*, 270 N. Y. 93, 96; *Weston* v. *Commercial Advertiser Assn.*, 184 N. Y. 479, 484; *Fabian* v. *Amerikai Magyar Szo* [*Hungarian Word*], 11 A D 2d 641, affd. 9 N Y 2d 780). Notwithstanding the resolution of this threshold question in plaintiffs' favor, they have been "unable to surmount the barrier of the *New York Times* test" (*Gertz* v. *Robert Welch, Inc.*, 418 U. S. 323, 342, *supra*). Plaintiffs have failed to establish a prima facie case "that the statement was made with 'actual malice' — that is, with knowledge that it was false or with reckless disregard of whether it was false or not" (*New York Times Co.* v. *Sullivan*, 376 U. S. 254, 279-280, *supra*). Special Term properly determined as a matter of law, therefore, that summary judgment dismissing the complaint should be granted to all defendants. (Appeal from order and judgment of Monroe Special Term in action for damages for defamation of character.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.